UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRENT M. MORGAN, | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 1:19-cv-00655-WES-PAS |
| | : | |
| v. | : | |
| | : | |
| US BANK, NA | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS

Pursuant to *Fed. R. Civ. P.* 12(b)(6), defendant, U.S. Bank National Association ("U.S. Bank"), submits this memorandum of law in support of its *Motion to Dismiss* the complaint ("Complaint") dated August 16, 2019, filed by the plaintiff, Brent M. Morgan ("Plaintiff"). The crux of the Complaint is that the acceleration of the loan and the subsequent foreclosure of the subject property was improper because U.S. Bank did not conduct, offer, or attempt, a face-to-face meeting, as contemplated by United States Department of Housing and Urban Development ("HUD") regulations.

The Complaint should be dismissed because the Plaintiff has not, and cannot, adequately plead that the subject HUD regulation relied upon by Plaintiff is applicable. As this Court recently determined in *Peralta v. U.S. Bank, N.A.*, C.A. No. 17-cv-263-JJM-PAS, 2018 WL 2971119 (D.R.I. Apr. 17, 2018) (McConnell, J.), U.S. Bank is exempted from the face-to-face meeting requirement because it does not have a branch office within 200 miles of Providence. Thus, Plaintiff's claims are indisputably meritless and U.S. Bank respectfully requests dismissal of the Complaint as a matter of law.

## I.      FACTUAL BACKGROUND[1]

### A.      The Loan History

On or about June 14, 2010, Plaintiff executed a note ("Note") in favor of Domestic Bank, F.S.B. ("Domestic Bank") in the original principal amount of $330,548.00.  *See* Compl., ¶ 17.  On the same date and to secure repayment of the Note, Plaintiff granted Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Domestic Bank, a mortgage (the "Mortgage;" collectively with the Note, the "Loan") on the property located at 207-209 Sixth Street, Providence, Rhode Island 02906 (the "Property").  *Id.*  The Mortgage was recorded in Book 9742 at Page 216 of the Land Evidence Records of the City of Providence (the "Land Records").  *Id.*  On July 16, 2013, MERS assigned the Mortgage to U.S. Bank by virtue of an assignment of mortgage that was recorded in Book 10649 at Page 26 of the Land Records.  *Id.*, ¶ 19.

As the result of Plaintiff's default under the terms of the Note and Mortgage, U.S. Bank sent a Notice of Mortgagee's Foreclosure Sale to Plaintiff and scheduled a sale date.[2]  *Id.*, ¶ 20.

### B.      The Complaint

The Complaint alleges that U.S. Bank improperly accelerated and/or foreclosed on the Property because it failed to conduct a face-to-face meeting, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the Mortgage were unpaid.  *Id.*, ¶¶

---

[1] In the context of a motion to dismiss, all of the well-pleaded factual allegations of the Complaint must be accepted as true.  *Menge v. North American Specialty Ins. Co.*, 905 F.Supp.2d 414, 416 (D.RI, 2012).  However, U.S. Bank reserves the right to challenge those factual claims in an appropriate procedural context to the extent the same becomes necessary.  In addition, while Plaintiff's factual allegations must be presumed true for purposes of this motion, his conclusions of law are not entitled to any such presumption.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  *See also*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] While Plaintiff does not identify the date of the foreclosure sale, it was scheduled for July 10, 2019.  *See* http://www.landmarkauction.biz/auction-calendar/2019/7/10/207-209-6th-st-providence-ri-02906 (last accessed on January 3, 2020).  *See Yagoozon, Inc. v. Kids Fly Safe*, C.A. No. 14-040-ML, 2014 WL 3109797, at *2 fn. 2 (D.R.I. July 8, 2014) ("Because this website is part of the public record and does not contradict the Complaint, it may be considered by the Court in deciding a Rule 12(b)(6) motion to dismiss.").  *See also*, *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir.2008); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 20 (1st Cir.2003).

21-22. The Complaint alleges that the Loan is an FHA loan governed by the regulations of HUD and resultantly, Section 9(d) of the Mortgage requires compliance with the HUD regulations. *Id.* ¶¶ 2, 30 and 32. By accelerating the Loan and/or foreclosing on the Property, the Complaint alleges that U.S. Bank failed to comply with 24 C.F.R. §203.604, which requires a mortgagee to send a letter offering a face-to-face meeting and to make at least one trip to the Property for the purpose of offering a face-to-face meeting before accelerating the Note and foreclosing. *Id.* ¶ 14.

Plaintiff acknowledges, as he must, that a mortgagee is exempted from the face-to-face meeting requirement where the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either. *Id.* ¶ 13. Plaintiff suggests that U.S. Bank is not exempted from the face-to-face meeting requirement because "the subject property is within 200 miles of a branch office of [U.S. Bank]." *Id.*, ¶ 23. Significantly, Plaintiff does not identify this purported branch office.

Based on these allegations, the Complaint sets forth a claim for breach of contract against U.S. Bank. *Id.*, ¶¶ 24-56. Plaintiff seeks damages (including actual, monetary, punitive and exemplary damages, restitution, and attorney fees and costs), along with a declaratory judgment, an injunction, a recession of the foreclosure sale, and any other equitable relief that he would be entitled to under Rhode Island law.

## II.     STANDARD OF REVIEW

Under *Fed. R. Civ. P.* 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, a court must view a complaint in the light most favorable to the

plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences.  *See Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 18 (1st Cir. 2002); *Carreiro v. Rhodes Gill & Co.*, 68 F.3d 1443, 1446 (1st Cir. 1995); *Negron-Gaztambide v. Hernandez-Torres*, 35 F.3d 25, 27 (1st Cir. 1994).  However, the court need not take allegations as true if they are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 663.  Rather, labels, conclusions, or a formulaic recitation of the elements of a cause of action will not do.  *See Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989) (The court is not required to credit "bald assertions, unsupportable conclusions, and opprobrious epithets.") (citing *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987)); *see also Twombly*, 550 U.S. at 555 (2007) (a plaintiff must provide "more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do").

Under this standard, a court should grant a defendant's motion to dismiss if the plaintiff's "well-pleaded facts do not possess enough heft to show that plaintiff is entitled to relief."  *Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)).  A plaintiff must therefore allege facts in support of "each material element necessary to sustain recovery under some actionable legal theory."  *Dartmouth Review*, 889 F.2d at 16 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).  Where it appears that a plaintiff has no cognizable claim and any attempts to amend would be futile, dismissal with prejudice is appropriate.  *See Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) ("The complaint must allege a plausible entitlement to relief in order to survive a motion to dismiss.") (internal quotation marks and citation omitted).

### III.     ARGUMENT

####    A.     PLAINTIFF'S BREACH OF CONTRACT CLAIM AND REQUEST FOR DECLARATORY JUDGMENT MUST FAIL BECAUSE THE HUD FACE-TO-FACE REQUIREMENT IS INAPPLICABLE.

"In a breach-of-contract claim, the plaintiff must prove both the existence and breach of a contract, and that the defendant's breach thereof caused the plaintiff's damages." *Fogarty v. Palumbo*, 163 A.3d 526, 541 (R.I. 2017).  A lender must comply with all conditions precedent to foreclosure in a mortgage even if the borrowers are in arrears.  *See Martins v. Federal Housing Finance Agency*, 214 F.Supp.3d 163 (D.R.I. Oct. 11, 2016).   Here, Plaintiff alleges that the Mortgage is insured by the FHA and HUD and, as a result, the requirements of 24 C.F.R. § 203.604 are incorporated as conditions precedent to a foreclosure sale.  The HUD regulation at issue, 24 C.F.R. § 203.604, provides in relevant part: "The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid."  24 C.F.R. § 203.604(b).

However, a face-to-face meeting is not required if the Property is more than 200 miles from the mortgagee, its servicer, or a branch office of either.  *See* 24 C.F.R. § 203.604(d).  While the Complaint acknowledges this exclusion to the face-to-face meeting requirement, Plaintiff baldly alleges that U.S. Bank is not so exempted because, *inter alia*, "the subject property is within 200 miles of a branch office of [U.S. Bank] . . ."  *See* Compl., ¶ 23.  However, there simply is no U.S. Bank branch office within 200 miles of Providence, where the Property is located.  *See* Exhibit A.[3]

The decision in *Peralta* is particularly instructive as it dealt with the specific issue of whether U.S. Bank is located, or has a branch office, within 200 miles of Providence, Rhode Island.

---

[3] Exhibit A contains a screenshot from U.S. Bank's website depicting the search results when a branch location search is run for Rhode Island.  *See* https://locations.usbank.com/search.keyword-Providence_--Rhode--Island_--USA.type-branch.mp-full.html (last visited on January 10, 2020).  *See Yagoozon, Inc.*, 2014 WL 3109797, at *2 fn. 2.

5

In *Peralta*, decided in April 2018, after Plaintiff's default here, Judge McConnell clearly and unequivocally found that U.S. Bank is indeed exempt from the HUD face-to-face requirement:

> The uncontroverted evidence is that U.S. Bank does not have a branch office within 200 miles of Ms. Peralta's property [which was located at 95-97 Atlantic Avenue, Providence, Rhode Island],[4] and therefore, that the exception to the face-to-face meeting requirement applies. . . .
>
> Furthermore, under Federal Housing Association's requirements, mortgagees must register their "home office" and "branch offices" on the U.S. Housing and Urban Development Website. [ ] U.S. Bank has not registered any "branch office" within 200 miles of Ms. Peralta's property, including the Fifth Avenue Address cited by Ms. Peralta. [ ]
>
> Because there is no dispute that U.S. Bank does not have a branch office within 200 miles of Ms. Peralta's property, and therefore that U.S. Bank was not required to offer Ms. Peralta' a face-to-face meeting under 24 C.F.R. § 203.604(c)(2), her [breach of contract claim] fails and U.S. Bank is entitled to judgment as a matter of law.

*Id.*, at *1-2 (internal citations to the relevant filings omitted).

There is no reason to belabor the point. Plaintiff has not, and cannot, allege any facts showing that U.S. Bank breached HUD's face-to-face regulation because it is exempt from such requirements. As the Complaint is based on U.S. Bank's supposed failure to comply with HUD's face-to-face regulation, it fails as a matter of law. The breach of contract claim (including the request for a declaratory judgment and injunctive relief) should therefore be dismissed as a matter of law.

## IV.     CONCLUSION

For the foregoing reasons, U.S. Bank's motion to dismiss should be granted in its entirety, with prejudice, and judgment should be entered for U.S. Bank.

---

[4] Exhibit B contains a screenshot showing the Property is 3.8 miles away from Ms. Peralta's property. *See* https://www.doogal.co.uk/MeasureDistances.php (last accessed on January 10, 2020) (measuring the distance "as the crow flies" between the two properties). *See Yagoozon, Inc.*, 2014 WL 3109797, at *2 fn. 2.

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION

By its Attorneys,

/s/ Krystle G. Tadesse
Krystle G. Tadesse (#673899)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
krystle.tadesse@lockelord.com

January 10, 2020

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 10th day of January, 2020, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

/s/ Krystle G. Tadesse
Krystle G. Tadesse