```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                )
BRENT M. MORGAN,                )
                                )
          Plaintiff,            )
                                )
     v.                         )  C.A. No. 19-655 WES
                                )
U.S. BANK, N.A.,                )
                                )
          Defendant.            )
_____     )
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Defendant U.S. Bank National Association's Motion to Dismiss, ECF No. 6. For the reasons set forth below, the Court GRANTS Defendant's Motion.

I. Background

On June 14, 2010, Plaintiff executed a mortgage and note for the subject property ("Property") in Providence, Rhode Island[1] for $330,548.00 dollars to Domestic Bank as lender and Mortgage Electronic Registration Systems, Inc. as mortgagee, solely as nominee for Domestic Bank. Compl. ¶ 17, ECF No. 1-1. The mortgage was recorded in the Land Evidence Records of the City of Pawtucket on June 15, 2010. Id. On July 16, 2013, MERS assigned the mortgage to U.S. Bank ("Defendant"), which was recorded in the City of

---

[1] The subject property is located at 207-209 Sixth Street, Providence, Rhode Island. Compl. ¶ 16.

Providence Land Evidence Records. Id. at ¶ 19. Defendant subsequently sent Plaintiff a Notice of Mortgagee's Foreclosure Sale and scheduled a sale date. Id. at ¶ 20.

Plaintiff filed this Complaint on August 16, 2019, alleging that Defendant's acceleration of the mortgage and foreclosure sale on his property are void because Defendant did not comply with the United States Department of Housing and Urban Development ("HUD") regulation requiring the mortgagee to have a face-to-face interview with the mortgagor, or to make a reasonable effort to arrange one.[2] Compl. ¶¶ 2, 30; see also 24 C.F.R. § 203.604(b).

Plaintiff alleges that Defendant did not have a face-to-face interview with him before he failed to pay three monthly installments of the mortgage, that Defendant "made no effort to arrange such a meeting", and that the Property is within 200 miles of a branch office of Defendant.[3] Compl. ¶¶ 21-23. Plaintiff requests damages, a declaratory judgment, an injunction, rescission of the foreclosure sale, and other equitable relief. Id. ¶¶ 52-56.

I.   Standard of Review

---

[2] Plaintiff's claim is for breach of contract, because he argues that the mortgage contract incorporates the HUD regulations. Compl. ¶¶ 30, 39.

[3] Despite a numbered footnote after the allegation that the Property is within 200 miles of a branch office of Defendant, the actual footnote is blank, and the Complaint does not contain any address or location for such a branch property.

In deciding this Motion, the Court must determine "whether – taking the facts pled in the Complaint as true and making all reasonable inferences in favor of the plaintiff – he has stated a claim that is 'plausible on its face.'" Doe v. Brown Univ., 166 F. Supp. 3d 177, 184 (D.R.I. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  When considering a motion to dismiss for failure to state a claim, a court must first cast aside conclusory statements and recitals of elements.  See Coccoli v. D'Agostino, C.A. No. 19-489 WES, 2020 WL 184032, *2 (D.R.I. Apr. 13, 2020). It must then accept well-pleaded facts, "draw[ing] all reasonable inferences therefrom in the pleader's favor." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)).  If the surviving factual matter states a plausible claim for relief, then the motion must be denied.  See Sepúlveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010).

II. Discussion

The dispute between the parties centers on the HUD regulation codified at 24 CFR 203.604(b).  That regulation requires:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. . . .

However, the regulation also contains an exemption, wherein a face-to-face meeting is not required if the property is more than "200

3

miles of the mortgagee, its servicer, or a branch office of either[.]"  24 C.F.R. § 203.604(c)(2).

Plaintiff's entire claim is based on the applicability of this regulation to his contract; accordingly, Defendant argues that the regulation is inapplicable.  See Def. Memo in Support of its Mot. To Dismiss 5-6, ECF 6-1.  Specifically, Defendant contends that Plaintiff fails to allege a specific location of a U.S. Bank branch office within 200 miles of the Property, and that one does not exist.  Id. at 5.

The Court agrees with Defendant that this Court's ruling in Peralta v. U.S. Bank, N.A. is instructive.  C.A. No. 17-cv-263-JJM-PAS, 2018 WL 2971119 (D.R.I. Apr. 17, 2018) (McConnell, J.) There, the Court granted Defendant U.S. Bank's motion for summary judgment on the grounds that it was exempt from the face-to-face meeting requirement because it did not have a branch office within 200 miles of the property at issue.[4]  Id. at *1.  Here, at the motion to dismiss stage, this Court need not even go that far. Unlike in Peralta, Plaintiff here has not alleged in his Complaint a location or address of any such location.  See Compl. ¶ 23.

---

[4] The allegation made it to the summary judgment stage because Plaintiff asserted in her complaint that an office of U.S. Bancorp Fund Services, LLC, which she alleged was a subsidiary of U.S Bank, was located within 200 miles of the subject property, in New York. Peralta v. U.S. Bank, N.A., C.A. No. 17-cv-263-JJM-PAS, 2018 WL 2971119, *1 (D.R.I. Apr. 17, 2018). This Court found that that location was not a branch office of U.S. Bank as defined by the HUD regulation. Id.

4

Therefore, Plaintiff fails to state a claim as a matter of law, and his breach of contract claim is dismissed.

III. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
District Judge
Date: May 1, 2020